# Wettling, Appellant *v.* Kelly.

*Mechanic's lien—Oil wells—Pumping oil—Clarion County Acts of April* 8, 1868, *P. L.* 752, *March* 18, 1869, *P. L.* 410, *April* 13, 1869, *P. L.* 887, *March* 16, 1870, *P. L.* 452, *March* 28, 1870, *P. L.* 567, *May* 23, 1871, *P. L.* 1068, *May* 26, 1871, *P. L.* 1179, *June* 2, 1873, *P. L.* of 1874, page 386, *and June* 5, 1874, *P. L.* 300.

Under the Act of April 8, 1868, P. L. 752, and its supplements, no mechanic's lien can be filed in Clarion County for work and labor done in pumping oil wells on a leasehold estate.

Argued Oct. 14, 1901. Appeal, No. 133, Oct. T., 1901, by plaintiff, from order of C. P. Clarion Co., May T., 1900, No. 174, striking off mechanic's lien in case of John H. Wettling v. W. F. Kelly. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Rule to strike off mechanic's lien.

CLARK, P. J., filed the following opinion :

This is a rule on plaintiff to show cause why the above stated mechanic's lien should not be stricken off, and which was granted on motion of W. J. Breene and Geo. F. Whitmer, attorneys for W. F. Kelly, defendant, in open court, which reads as follows, to wit : " And now, August 16, 1900, motion in open court to strike off the lien for reasons apparent of record and specially for the reasons : 1. That there is no warrant under the special act of April 8, 1868, and its supplements, to file a lien for the material mentioned in alleged lien of plaintiff. 2. That the alleged lien of plaintiff filed herein does not show that any notice of an intention to file a lien was given as re-

quired by law.  3. That under said act and its supplements no lien can be filed for pumping as alleged in plaintiff's statement." This rule was argued by counsel, together with a rule granted on Kelly, one of the defendants, to show cause why judgment should not be entered against him for want of a sufficient affidavit of defense. In the consideration of the rule at bar, it becomes necessary to review the law upon which the alleged lien is based, and as to the changes in the law by way of extensions, supplements and repeals, if any, with respect to the plaintiff's right of lien for the claim filed by him to No. 2 of May term, 1900, and upon which the above stated scire facias was issued.

The lien filed is for labor and work done by plaintiff " as oil pumper in pumping and producing of oil and taking out a set of rig timbers for the improvement and development of the said leasehold (therein described), and in compliance with the provisions of the said act of assembly (approved April 8, 1868, entitled " An act relating to the liens of mechanics, material men, and laborers upon leasehold estate and property thereon in the county of Venango," and the several supplements thereto), sets forth a statement of his claim or demand, etc.

The 1st section of the act 1868, supra, P. L. 752, enacts that all persons furnishing materials for or about the erection, construction or repair of any engine, engine house, derrick, tank, machinery, or wood or iron improvement, or for or about any building which may be constructed, erected or repaired upon any leasehold, lot or parcel of ground or material furnished, necessary for the improvement or development thereof, held by written lease for any term of years, and which shall or may be constructed, etc., by the tenants or lessees of said leased estate, or for them or for their use and benefit, shall have a lien on all the above enumerated property, etc., as may be upon or pertaining to said leasehold, lot or parcel of ground at the time such claim may be filed, as thereinafter provided, together with the lease, lot or parcel of ground on which the same is situated for the price and value of the material so furnished: Provided such lien shall extend only to the interest of such lessee, etc., in said lease or lot.

Section 2 of the same act provides that persons working about the construction, erection and repair of any engines, etc., shall

have a lien upon such personal property and fixtures on said lot or lease of ground and the lot and leasehold itself, for the price and value of such work and labor: Provided the lien shall extend only to the interest of the lessee, as aforesaid; and provided further, that said act shall not apply to debts such as aforesaid, where the same is of a less amount than $25.00. It is provided, that said act shall extend only to the county of Venango.

The Act of March 18, 1869, P. L. 410, entitled, " An act extending the provisions of an act relating to the liens of mechanics, material men and laborers upon leasehold estates and property thereon, in the county of Venango, approved April 8, 1868, to the counties of Crawford, Warren and Clarion;" enacts, " be and the same are hereby extended to the counties of Crawford, Warren and Clarion, of said commonwealth."

The Act of April 13, 1869, P. L. 887, entitled, " An act to amend an act approved April 8, 1868, entitled 'An act relating to the liens of mechanics, material men and laborers upon leasehold estates and property thereon in the counties of Venango, Crawford and Warren,' and declare the true intent and meaning thereof, " enacts that the persons who shall desire to file a statement of claim to secure payment therefor, as provided in the act to which it is a supplement, shall before being entitled to file such statement, give notice in writing, to the tenants of such leasehold and owners of the property thereon, or any of them, his or their agent or legal representatives, within fifteen days from the day such person shall commence work on said property, of his or their intention to claim a lien on said property for the price and value of such labor and materials. The 2d section therein provides, that after receiving notice as aforesaid, the owner, tenant, lessee or contractor to retain from any contractor or subcontractor a sufficient sum of money to pay the claim of such laborer, mechanic or material man with costs, etc. The 3d section therein, provides, that section 4 of the act of which it is a supplement, shall be amended, etc., so that the same shall read " every such debt as aforesaid shall be a lien as aforesaid for the period of three months after the last work shall be done," etc.

The Act of March 16, 1870, P. L. 452, entitled "An act to extend the provisions of an act, entitled ' An act relating to

the liens of mechanics, material-men and laborers upon lease-hold estates and property thereon, in the county of Venango,' approved the eighth day of April, Anno Domini one thousand eight hundred and sixty-eight; also the provisions of an act, entitled 'An act to amend an act, approved the eighth day of April, one thousand eight hundred and sixty-eight, entitled " An act relating to liens of mechanics, material-men and labor-ers upon leasehold estates and property thereon, in the counties of Venango, Crawford and Warren," and declare the true intent and meaning thereof,' approved the thirteenth day of April, Anno Domini one thousand eight hundred and sixty-nine, to the counties of Armstrong, Clarion and Butler." In the 1st section of the latter act, the same acts referred to in its title are mentioned with these additional words, " be and the same are hereby extended to the counties of Armstrong, Clarion and But-ler." The 2d section therein, provides, that the provisions of the 1st section of the Venango act of 1868, supra, shall be so extended that all materials furnished shall be a lien upon any buildings, of whatever nature or kind, built on any of said leasehold estates, whether said buildings or erections shall be for the purpose of developing said leasehold or otherwise. And section 3 provides that the notice required to be given as provided in the 1st section of the Act of April 13, 1869, P. L. 887, shall be thirty days, etc.

The Act of March 28, 1870, P. L. 567, applying only to Venango county, amends the 1st section of the Act of April 8, 1868, P. L. 752, and supplement, extending the same to the counties of Crawford, Warren and Clarion, by striking out the word " written" when it occurs before the word " lease," so that the same shall read, " held by lease for any term of years as set forth in the first section." The 2d section therein, provides that the 1st section of the Act of April 13, 1869, P. L. 887, " be and the same is hereby repealed." The 3d section therein, provides, that section 2 of the same act of April 13, 1869, be amended by striking out the words, "after receiving notice as aforesaid," at the beginning of this section.

The Act of May 23, 1871, P. L. 1068, is entitled, " A sup-plement to an act entitled 'An act relating to liens of mechan-ics, material-men and laborers, upon leasehold estates and prop-erty thereon, in the county of Venango,' approved the eighth

day of April, one thousand eight hundred and sixty-eight," is as follows : " Section 1. Be it enacted, etc. That the provisions of the first and second sections of the act to which this is a supplement, be and the same are hereby extended so as to include all material furnished and work done for pumping and producing of oil."

The Act of May 26, 1871, P. L. 1179, entitled, " A supplement to an act, entitled ' An act to extend the provisions of an act entitled, " An act relating to the liens of mechanics, materialmen and laborers upon leasehold estates and property thereon, in the county of Venango," approved the sixteenth day of March, Anno Domini one thousand eight hundred and seventy,' number four hundred and forty-four, of the acts of assembly for the year one thousand eight hundred and seventy, be extended to the counties of Armstrong, Clarion and Butler." It enacts, " that section third of the said act allowing to materialmen the period of thirty days for giving notice of intention of entering lien for material be so amended and altered as to allow and extend the time for giving such notice to ninety days from the time the purchaser shall commence using the same upon any of said buildings, whether for repairs or otherwise, the terms of this provision to apply only to the counties of Armstrong, Clarion and Butler."

The Act of June 2, 1873, P. L. of 1874 p. 386, (Appendix, 1873) provides, that sections 1st and 2d of an act, approved April 13, 1869, entitled " An act to amend an act, approved April eighth, one thousand-eight hundred and sixty-eight, entitled ' An act relating to liens of mechanics, material men and laborers upon leasehold estates and property thereon, in the counties of Venango, Crawford and Warren, and declare the true intent and meaning thereof ; ' enacts, and all subsequent acts and supplements relating to the notice therein required to be given by persons purchasing material or doing work for or about leasehold estates, of their intention to claim a lien upon said property for the price and value of such labor or materials, be and the same are hereby repealed : Provided that the provisions of this act shall in no way repeal, modify or change any law now in force, except as to such notice aforesaid : And provided further, that the provisions of this act shall only extend to the county of Clarion."

The Act of June 5, 1874, P. L. 300, entitled, "An act repealing certain local lien laws relative to real and leasehold estates and property thereon, so far as said laws relate to the counties of Armstrong, Butler, Clarion, Crawford, Forest, Venango and Warren, except as to claims for actual labor done by mechanics and laboring men, " enacts that all of foregoing acts (except the latter one of June 2, 1873, which is not mentioned), inter alia, " be and the same are hereby repealed so far as they relate to the counties of Armstrong, Butler, Clarion, Crawford, Forest, Venango and Warren, except as to claims for actual labor done by mechanics and laboring men."

The plaintiff's claim is for work and labor done "as oil pumper in pumping and producing of oil and taking out a set of rig timbers for the improvement and development of the said leasehold."   " The amount claimed to be due to said claimant is $1,603.48, with interest from March 12, 1900, for work and labor done by said John H. Wettling; the last of said work being done within ninety days last past, and as is now fully set forth in the statement of claim or bill of particulars hereto annexed as part hereof, showing the particulars as items, dates and amounts thereof."   The alleged statement of lien describes the said leasehold estate, the lease and the property thereon.

The bill of particulars annexed thereto sets forth the following at the beginning thereof, to wit:

"BILL OF PARTICULARS.

"W. F. Kelly to John H. Wettling, for wages of manual labor as pumper, for pumping and producing of oil on leasehold within described at times herein set forth—W. F. Kelly, December 12, 1895.

Dec. 12, ' 95,      Commenced pumping.
January 12, '96, One Month, Feb. 10, '96 paid $40.
February 12,     One Month                  $40."

The same charges are made from the latter date, on the 12th of each month at the rate of $40.00 per month on, up to and including January 12, 1898, and from this last mentioned date, beginning February 12, 1898, for each month on, up to March 12, 1900, at the rate of $30.00 per month.   All of

the said items so charged are for pumping by the month, being charged at the end of each month. But there is one item charged as follows: viz: "April 13,'96, taking out a set of rig timbers twenty dollars." There are a number of credits entered on said bill amounting in all to the sum of $369.50.

The first reason asssigned for striking off said lien is, that there is no warrant under the special act of 1868, supra, and its supplements, to file a lien for the materials mentioned in alleged lien. I·do not understand from the statement of lien filed by the plaintiff or from his bill of particulars thereto annexed, that he makes any claim for materials furnished, but only for the taking out of a set of rig timbers on April 13, 1896, from which it would appear that said item was for the work and labor of taking out said rig timbers. Whether said timbers were taken out on said leasehold estate does not appear. But it can make no difference as to the latter item, if the plaintiff is not entitled to a lien on said leasehold estate for the pumping and producing of oil as alleged in his statement of lien, for if the item for taking out rig timbers was the subject of lien, standing alone, the plaintiff was too late in filing his lien therefor.

The second reason assigned for the striking off said lien is, that the alleged lien of plaintiff filed therein does not show that any notice of an intention to file a lien was given as required by law. This reason cannot be sustained. No such notice is required to be given in Clarion county, nor was it required at the date of the commencement or during the time of said pumping nor at any time thereafter. The act of June 2, 1873, vide Appendix, 1873, in P. L. of the year 1874, page 386, repealed the act of April 13, 1869, supra, and all subsequent acts and supplements relating to the notice therein required to be given by the persons furnishing material or doing work for or about leasehold estates, of their intention to claim a lien upon said property for the price and value of such labor or materials, so far as Clarion county is concerned; the provisions of said repealing act being only extended to the county of Clarion.

The third reason assigned in support of the motion and rule is, that under said act and its supplements no lien can be filed for pumping as alleged in plaintiff's statement. This reason is a broad and general one, and its scope covers considerable

ground; it at least involves a construction and interpretation of the several acts of assembly hereinbefore referred to, which are clearly local or special laws in respect to mechanics' liens upon leasehold estates in certain counties of this state. There can be no question that the Act of 1868, P. L. 752, supra, is a local act; it relates only to Venango county. The provisions of the latter act were extended to the counties of Crawford, Warren and Clarion by the act of March 18, 1869, supra. The supplemental act of May 23, 1871, supra, was passed, extending the provisions of the 1st and 2d sections of the act of 1868, relating to leasehold liens in the county of Venango, "so as to include all material furnished and work done for pumping and producing of oil." Now it will be observed that the act of May 23, 1871, amending the original Venango county act of 1868, without reference to any subsequent act, was passed after the latter act had been extended to Clarion county. The question, therefore, is, did the act of May 23, 1871, operate to change and enlarge the act as extended to Clarion and other counties by the act of March 18, 1869? We think not. Our view is, that in the absence of any act amending the act of 1868 as extended to Clarion county, the law still remains as to Clarion county as originally extended to it, subject to the partial repeal by the act of 1874, supra. The act of March 18, 1869, is in effect a re-enactment of the Venango act of 1868 as it then read, word for word, as the local law for leasehold liens in the counties of Crawford, Warren and Clarion. Moreover, it is in effect the same as if the whole wording of the act of 1868 had been written into the act of 1869, without any reference whatever to the Venango county act. If the act of 1869 as to Crawford, Warren and Clarion counties, had the words of the Venango act written into the former, how could the act of 1871 operate to amend or in any way change or enlarge the act of 1869, without special reference to the latter, as well as to the act of 1868. Most certainly, under the latter proposition the act of 1869 would not have been in any way effected by the act of 1871. A repeal of one local act or an amendment thereof will not repeal or amend another local act applicable to another and different county, even if the provisions of the acts be the same, word for word, unless there be something in the repealing or amended act making it applicable to both local acts.

The Venango act went into force at the date of its approval. The extension of its provisions to Clarion county by the act of 1869, went into force on the date of its approval. In conclusion we think the act of 1868 as extended by the act of 1869 to Clarion county, still remains the law of Clarion county, subject to the partial repeal of the act of 1874, supra.

At the argument of this rule we were not furnished with any authorities by the counsel on either side, as to he third reason assigned for striking off the lien. We have made diligent search through our own state reports and the following text books : " Validity of Statutes in Penna., by Sanderson," " Sutherland on Statutory Construction," and " Endlich on the Interpretation of Statutes," and failed to find anything in the way of a decision or rule to guide or assist us in determining the questions raised under the third reason assigned in support of the rule. It is a significant fact, however, that the partial repealing act of 1874, refers specifically to all of the acts by way of extension, amendment or change of the Venango county act or supplementary thereto, passed for the counties of Armstrong, Butler, Clarion, Crawford, Forest and Warren, and also as to Venango county, the legislature therein recognizing the necessity of naming therein all of said local acts in order to render the partial repealing act of 1874 effective in each county above named.

The counsel for the defendant in support of his motion and rule thereon, contended at the argument, that under the act of 1868, such special lien law did not cover a claim for pumping, and that it required the act of May 23, 1871, to entitle the plaintiff to a lien for pumping and producing of oil. But that the latter act was repealed and entirely wiped out by the act of June 5, 1874, except as to the actual labor done by mechanics and laboring men. Furthermore, as the act of 1868 did not include pumping, and inasmuch as the act of 1871, which did include pumping was repealed by the act of 1874, it is therefore clear that the legislature never intended the act of 1868 to cover pumping, and inasmuch as the only act which did cover pumping was repealed by the act of 1874, it is likewise clear that no lien for pumping can be filed in Clarion county. And if the legislature intended that a pumper would be classed with those who were mechanics or laboring men as mentioned by the act

of 1874, why did they in the same act repeal the act of 1871 which expressly gives pumpers the right of lien? If the contention of counsel for defendant be true, then we are wrong in holding that the act of 1871, in effect amendatory of the act of 1868, did not extend its provisions for pumping to the act of 1869 as to Clarion and other counties. If the proposition that the act of 1874, repealed the act of 1871 as to lien for " all material furnished and work done for pumping and producing of oil, be true, then no lien could be successfully maintained for pumping and producing of oil in the county of Venango, and if no such lien could be had in the latter county, a fortiori, such lien could not be maintained in Clarion county in the case at bar. The argument in support of the foregoing proposition might be pressed with considerable force and reason, in that the repealing act, i. e., the partial repealing act of 1874 made no exception as to liens for material furnished and work done for pumping and producing oil given by the act of 1871, and therefore the lien for work and labor for such pumping and producing of oil on such leasehold estate and the property thereon, not having been expressly mentioned in the saving clause or exception in the act of 1874, it necessarily repealed the act of 1871. But we cannot assent to the latter proposition. To sustain it, would be an admission that our former views in the premises were not well founded. Aside from all that, it would involve a question as to the constitutionality of the act of 1874, which we prefer should be decided by the appellate courts. In the examination of the index of the laws of 1871, we find that the only reference therein as to the act of 1871, supra, is that of Venango county, it is not indexed as an act of or relating to either of the counties of Crawford, Clarion or Warren. In Sutherland on Statutory Construction, page 199, it is thus stated: " So a statute which refers to and adopts the provisions of another statute is not repealed by the subsequent repeal of the original statute adopted: " Sika v. Chicago, etc., Ry. Co., 21 Wis. 370; Schwenke v. Union Depot & R. R. Co., 7 Colo. 512; 4 Pac. Repr. 905; Regina v. Stock, 3 Nev. & Perry, 420. The same principles enunciated in the latter cases, in analogy would be applicable to the case at bar, and justifies our conclusion that the act of 1871, a supplement to the Venango act of 1868, and only amendatory thereof, having been passed after the latter

act or the provisions thereof had been in effect adopted and extended to Crawford, Clarion and Warren counties by the act of 1869, the law still remains in the latter counties as originally extended to them, subject to the partial repeal by the act of 1874. That the act of 1871 did not operate to change the act of 1868 as extended to Clarion county. If we are correct in our conclusion, the plaintiff is not entitled to his alleged lien for pumping of oil. If his claim for pumping as aforesaid falls, necessarily his claim of lien for taking out rig timbers must fall with the other part of it, the claim therefor being barred by the limitation provided for in the act.

If we have committed error in this decision we would gladly be reversed. The laborer is worthy of his hire, and he ought to be paid the price and value of his work, but we do not see our way clear to enforce the payment of his alleged claim under the mechanic's lien law. There is another motion in this case for judgment for want of a sufficient affidavit of defense, and subsequently thereto a supplemental affidavit of defense was allowed to be filed by the court. The former motion for judgment has not been renewed since the filing of the latter affidavit, nor has there been any new motion for a like judgment. However, we think it best that the latter question as to judgment for want of a sufficient affidavit of defense be held over until the present rule as to lien shall have been fully settled.

We therefore make the following order, to wit:

And now, March 22, 1901, after argument of the rule to strike off the lien in the above stated case, and upon due consideration of the lien filed to No. 2 of May term, 1900, upon which the scire facias was issued in above case and of the motion upon which the said rule is based, rule absolute and the said lien is hereby stricken off at the cost of the plaintiff.

*Error assigned* was the order of the court.

*B. J. Reid* and *F. J. Maffett*, with them *W. A. Hindman* and *Harry M. Rimer*, for appellant.

*William J. Breene*, with him *P. A. Wilbert* and *George L. Whitmer*, for appellee.

PER CURIAM, November 8, 1901:

It is conceded that " the sole question here is whether under the provisions of the several acts of assembly, recited in the history of the case, the appellant was entitled to file and enforce a lien for pumping oil wells on the leasehold estate of the defendants." It is not necessary for us to enter upon an exhaustive review of the acts of assembly recited in the history referred to, because these appear in the elaborate opinion of Judge CLARK to which reference can be readily made. In a careful examination and consideration of that opinion, we are satisfied that a correct conclusion was arrived at by the learned court below. We therefore affirm the order of the court and strike off the lien at the costs of the plaintiff.